UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Wane Thompson,

                Plaintiff,                                  MEMORANDUM & ORDER

      -against-                                        12-CV-5919 (NGG) (RML)

Wells Fargo & Company,

                Defendant.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Pro Se Plaintiff Wane Thompson ("Plaintiff") brings this action against Defendant Wells Fargo & Company ("Defendant") for damages allegedly suffered when an automobile repossession company authorized by Defendant struck Plaintiff's house while attempting to repossess Plaintiff's vehicle. Defendant has moved for summary judgment. (Not. of Mot. for Summ. J. (Dkt. 25).) For the reasons discussed below, Defendant's motion is GRANTED.

I.    BACKGROUND

    A.    **Factual Background**

Except as otherwise noted, the following facts are undisputed. Where facts are in dispute, the court credits Plaintiff's version of the particular fact, if supported by record evidence.[1]

On January 12, 2006, Plaintiff took out a loan from Defendant to finance the purchase of a model year 2001 Dodge Durango (the "Vehicle"). (Def.'s Statement of Undisputed Material

---

[1] Because Plaintiff is proceeding pro se, the court has performed an independent review of the entire record submitted by the parties to determine whether there are disputed issues of material fact. See McClendon v. County of Nassau, No. 11-CV-0190 (SJF) (ETB), 2012 WL 4849144, at *2 (E.D.N.Y. Oct. 11, 2012); Williams v. City of New York, No. 06-CV-6601 (NGG), 2009 WL 3254465, at *1 n.1 (E.D.N.Y. Oct. 9, 2009). Likewise, the court will consider Plaintiff's filings to be sworn statements so long as they are otherwise admissible. See Washington v. William Morris Endeavor Entm't, LLC, No. 10-CV-9647 (PKC), 2014 WL 4401291, at *1 n.1 (S.D.N.Y. Sept. 5, 2014); Geldzahler v. N.Y. Med. Coll., 746 F. Supp. 2d 618, 620 n.1 (S.D.N.Y. 2010).

Facts ("Def.'s 56.1") (Dkt. 25-2)) ¶ 1; Decl. Statement of Undisputed Facts ("Pl.'s 56.1") (Dkt. 24-1) ¶ 1.) By February 2010, Plaintiff owed over $1,000 in past due payments on the loan, and Defendant sent Plaintiff notices demanding that he pay the past due amount. (Def.'s 56.1 ¶ 2; Strict Compliance Ltrs. (Decl. of Jennifer Pavane Kenter ("Kenter Decl.") (Dkt. 26), Ex. 2 (Dkt. 26-2)).) On May 6, 2010, Defendant assigned and authorized Long Island Auto Recovery ("LI Recovery") to repossess Plaintiff's Vehicle. (Def.'s 56.1 ¶ 3; Pl.'s 56.1 ¶ 3.)

The relationship between Defendant and LI Recovery was governed by a collateral recovery agreement, dated September 7, 2006, in which they agreed to arrange for the repossession, transportation, and storage of collateral serving as security for loans held by Defendant. (Def.'s 56.1 ¶¶ 4, 5; Pl.'s 56.1 ¶ 4; Collateral Recovery Agreement ("Agreement") (Kenter Decl., Ex. 4 (Dkt. 26-4)) at 10.) According to the terms of the Agreement, LI Recovery is not an employee, agent, or partner of Defendant. (Def.'s 56.1 ¶ 6; Agreement at 10.) Defendant neither controls the methods by which LI Recovery repossesses or attempts to repossess vehicles, nor supplies any of the trucks or equipment LI Recovery uses when repossessing vehicles. (Def.'s 56.1 ¶ 7; Agreement at 10.) Defendant does not withhold Social Security or any other taxes from its payments to LI Auto Recovery, and it does not provide benefits to any of LI Recovery's employees. (Def.'s 56.1 ¶ 8; Agreement at 10.) LI recovery was not required to receive business exclusively from Defendant and, in 2010, received work from other sources. (Def.'s 56.1 ¶ 9; Decl. of Kenneth L. Taylor ("Taylor Decl.") (Dkt. 27) ¶ 4.)

On May 7, 2010, Allen Arty ("Arty") of LI Recovery unsuccessfully attempted to repossess Plaintiff's Vehicle. (Def.'s 56.1 ¶¶ 10, 11; Pl.'s 56.1 ¶¶ 10, 15, 21.) At the time, the Vehicle was parked in Plaintiff's driveway, which is shared with the home of Plaintiff's neighbor. (Def.'s 56.1 ¶ 10; Pl.'s 56.1 ¶ 15.) The parties dispute what happened when Arty

attempted to repossess the Vehicle, but Plaintiff alleges that Arty hit Plaintiff's home with the tow truck, causing structural damage to the foundation of the home. (Pl.'s 56.1 ¶ 20.)

At the summary judgment stage, the court ordinarily credits the non-movant's version of the facts, if supported by the record. However, the court has not considered Plaintiff's allegations about the nature of the damage to his home, because, as explained below, such allegations are immaterial to Plaintiff's claim against Defendant.[2]

### B. Procedural History

On November 14, 2012, Plaintiff filed a petition in New York Supreme Court, Queens County, seeking $1.5 million for property damage allegedly caused by Defendant. (See Verified Pet. (Not. of Removal (Dkt. 1)).) On November 30, 2012, Defendant removed to federal court, on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1348, 1441, and 1446. (Not. of Removal at 1.) On April 28, 2014, Defendant moved for summary judgment. (Not. of Mot. for Summ. J.)

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). No genuine dispute of material fact exists if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the court "is required to construe the evidence in the light most

---

[2] The court expresses no view as to whether Plaintiff's home was in fact damaged by Arty, as Plaintiff claims.

favorable to the non-moving party and to draw all reasonable inferences in its favor." Trammell v. Keane, 338 F.3d 155, 161 (2d Cir. 2003); see also Anderson, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). Where the party opposing summary judgment is proceeding pro se, the court must construe that party's filings liberally. See Ferran v. Town of Nassau, 471 F.3d 363, 369 (2d Cir. 2006).

The moving party bears the initial burden to show an absence of genuine factual dispute. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Summary judgment will be granted if the opposing party then "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To defeat summary judgment, the opposing party must do more than demonstrate "some metaphysical doubt as to the material facts," Matsushita, 475 U.S. at 586, and may not rely on "conclusory allegations," Twin Labs., Inc. v. Weider Health & Fitness, 900 F.2d 566, 568 (2d Cir. 1990). Absent such a showing, summary judgment is appropriate since "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323. The standard for granting summary judgment "mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that a trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." Anderson, 477 U.S. at 250.

### B. Vicarious Liability

"It is well established that traditional vicarious liability rules ordinarily make principals or employers vicariously liable for acts of their agents or employees in the scope of their authority or employment." Meyer v. Holley, 537 U.S. 280, 285 (2003) (citing Burlington Indus.,

Inc. v. Ellerth, 524 U.S. 742, 756 (1998) ("An employer may be liable for both negligent and intentional torts committed by an employee within the scope of his or her employment.")).

However, in order for a tortfeasor to be considered an employee or agent for purposes of vicarious tort liability, the principal must "control or ha[ve] the right to control the manner and means of the [tortfeasor's] performance of work." Restatement (Third) of Agency § 7.07(3)(a) (2006). Where the principal does not control the manner and means of the tortfeasor's performance of work, an agency relationship does not exist, and the principal cannot be held liable for the tortfeasor's actions. See Sachs v. Cantwell, No. 10-CV-1663 (JPO), 2012 WL 3822220, at *18 (S.D.N.Y. Sept. 4, 2012) ("In determining whether one is an employee (whose acts can be the basis for vicarious liability) or an independent contractor (whose acts cannot), the critical factor is the degree of the employer's '[c]ontrol of the method and means by which work is to be done.'") (quoting Gitchell v. Corby, 881 N.Y.S.2d 783, 785 (App. Div. 2009)); Gfeller v. Russo, 846 N.Y.S.2d 501, 502 (App. Div. 2007) ("It is well settled that one who hires an independent contractor is not liable for the independent contractor's negligent acts because the employer has no right to control the manner in which the work is to be done.") (internal citations and quotation marks omitted); Berger v. Dykstra, 610 N.Y.S.2d 401, 402 (App. Div. 1994) ("Control of the method and means by which the work is to be done . . . is the critical factor in determining whether one is an independent contractor or an employee for the purposes of tort liability."). Other important factors to consider include "whether the individual furnishes his own tools or equipment, how payment is made and whether Social Security and other taxes are withheld from such payments." Greene v. Osterhoudt, 673 N.Y.S.2d 272, 274 (App. Div. 1998).

## III. DISCUSSION

Defendant argues that it cannot be held liable for the alleged damage to Plaintiff's home because "[a]s a matter of law, Wells Fargo is not responsible for the actions of LI Recovery, and cannot be held liable for any damage allegedly caused during the attempted repossession." (Def.'s Mem. of Law in Support of Mot. for Summ. J. (Dkt. 25-1) at 16.) The court agrees.

New York courts have consistently held that principals are not liable for the negligent acts of independent contractors, "because the employer has no right to control the manner in which the work is to be done." Gfeller, 846 N.Y.S.2d at 501. See, e.g., Kleeman v. Rheingold, 614 N.E.2d 712 (1993); Rosenberg v. Equitable Life Assur. Soc. of U.S., 595 N.E.2d 840 (1992); Sanabia v. Aguero-Borges, 986 N.Y.S.2d 553 (App. Div. 2014).

In Gfeller, the Appellate Division found that an automobile repossession company was not liable as a matter of law for the actions of its driver, Russo, where the repossession company "presented evidence establishing that it had no control over the method or means by which Russo performed his work . . . ; that Russo was paid an agreed-upon price per vehicle that was repossessed; and that [the repossession company] did not withhold Social Security or other taxes from Russo's payments." 846 N.Y.S.2d at 501. The court also considered that Russo "was free to seek employment from other sources and was not required to work exclusively" for the company, and that the parties described their relationship as that of an independent contractor. Id.

Defendant has presented undisputed evidence establishing that it had no control over the means or methods used by either LI Recovery or its drivers in repossessing vehicles. Furthermore, the Agreement and sworn testimony of Kenneth Taylor, President of LI Recovery, clearly show that LI Recovery provided its own trucks and equipment, and was paid an agreed-

upon price per repossessed vehicle. The evidence also shows that Defendant did not withhold Social Security or other taxes from the payments made to LI Recovery, and that LI Recovery was free to receive work from other sources.

Plaintiff has not presented evidence to the contrary, and he does not dispute Defendant's characterization of its relationship with LI Recovery as that of an independent contractor. Plaintiff states that "Wells Fargo control [sic] all methods by which it do [sic] business with all entities" (Pl.'s 56.1 ¶ 8), but this is contradicted by Plaintiff's own admission that "[t]he relationship between Wells Fargo and LI Recovery was governed by the collateral recovery agreement . . ." (id. ¶ 4), and by his characterization of LI Recovery as an "independent contractor" (id. ¶ 3). Plaintiff has also failed to present any evidence that Defendant in any way controlled the methods by which LI Recovery operated. See Matsushita, 475 U.S. at 586 (party opposing summary judgment must do more than demonstrate "some metaphysical doubt as to the material facts"); Twin Labs, 900 F.2d at 568 (party opposing summary judgment may not rely solely on "conclusory allegations"). Plaintiff has therefore failed to raise a triable issue of fact regarding Defendant's vicarious liability for the alleged tort.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment is GRANTED, and all claims are DISMISSED WITH PREJUDICE. The Clerk of Court is respectfully directed to enter judgment in favor of Defendant and to close the case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      September 27, 2015

NICHOLAS G. GARAUFIS
United States District Judge